UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ARNO KUIGOUA,

            Plaintiff,

         v.

LORETTA MELBY, et al.,

            Defendants.

Case No. 2:26-cv-06117-PA-JDE

ORDER OF DISMISSAL

## I.

## INTRODUCTION

On June 5, 2026, Arno Kuigoua ("Plaintiff"), proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief, asserting three claims under 42 U.S.C. § 1983, against Loretta Melby, Executive Officer of the California Board of Registered Nursing ("BRN"), and Elaine Yamaguchi, Executive Officer, Board of Vocational Nursing and Psychiatrist Technicians ("BVNPT"), each named solely in an official capacity presumably as officers of the State of California ("Defendants"). Dkt. 1 ("Complaint").

The Court recently dismissed three other complaints filed by Plaintiff against state officials, including a prior action against defendant Loretta Melby,

1

and/or private actors involved in 2019 State Personnel Board ("SPB") proceedings and related proceedings for failure to state a claim and/or for seeking relief against immune defendants. See Kuigoua v. Melby, et al., 2:26-cv-04362-PA-JDE ("Melby I") ; Kuigoua v. Park, et al., 2:26-cv-04365-PA-JDE; Kuigoua v. Gavin Newsom, et al., 2:26-cv-04370-PA-JDE (collectively, "Prior Federal Actions").

As in the Prior Federal Actions, the Court takes judicial notice of the following California Court of Appeal rulings in cases filed by Plaintiff ("Prior State Appellate Cases"). In Kuigoua v. Park, 2025 WL 3139621 (Cal. Ct. App. Nov. 10, 2025), in an appeal by Plaintiff of a dismissal of malpractice claims he brought against his former attorney and his union relating to the 2019 SPB proceedings, the appellate court dismissed the appeal as frivolous because Plaintiff's arguments were "not coherent" and because he repeatedly cited "to legal authority that does not mention the proposition stated, stands for an opposite proposition, or does not exist at all," with the court providing "a small sample of the deceptive, incorrect, or irrelevant legal citations in [Plaintiff's] briefs," including several cases that "do not exist." Id. at * 2-4 (citations omitted). Further, roughly four months ago, in an unrelated case, a different California appellate court found Plaintiff "has cited three apparently nonexistent or miscited cases in his opening brief." Kuigoua v. Sacks, 2026 WL 673409, at *1, n.1 (Cal. Ct. App. Mar. 10, 2026). In addition, in another case, another state appellate court found Plaintiff "told two divergent stories: one to the agency, but a different one in court." Kuigoua v. Dep't of Veteran Affairs, 101 Cal. App. 5th 499, 501 (2024).

In this action, Plaintiff seeks what he characterizes as prospective declaratory and injunctive relief, stating the "case arises from two independent but related constitutional violations," that is, (1) the use of a 2023 BRN license revocation proceeding to create "categorical barriers" to Plaintiff's "nursing

licensure"; and (2) the 2023 BRN proceeding itself, which relied on findings from the 2019 SPB proceeding that Plaintiff contends was constitutionally infirm. Complaint, ¶¶ 1, 3. He alleges that the 2023 BRN revocation used the doctrine of collateral estoppel to accept findings from the 2019 SBN proceeding, at which Plaintiff was unrepresented and lacked sufficient time to prepare, all of which were "constitutional[ly] inadequa[te]." Id., ¶¶ 5-6. He contends his union initially provided counsel for the 2019 SPB proceeding, but such counsel failed to adequately prepare and "[a]banon[ed]" him before the hearing, he was then unable to obtain new counsel, and he did not have sufficient time to adequately prepare for the SBP hearing. Id. at pp. 10-16. Plaintiff thus contends that the SBP findings against him, which he does not fully specify, were constitutionally infirm. Plaintiff then contends that a 2023 BRN proceeding that gave collateral estoppel effect to those 2019 SPB findings resulted in the revocation of his nursing license. Id., ¶¶ 44-51. Next, Plaintiff contends that on June 5, 2025, he applied to take a Vocational Nurse Licensure by Examination with BVNPT, but was told by telephone that "he could not proceed because of the severity of the findings associated with his RN revocation and the related concern regarding patient safety. Id., ¶ 54-55. Plaintiff avers, without specifying dates or manner of communication, that "BVNPT has communicated a present administrative position that prevents Plaintiff from proceeding with the licensing examination pathway." Id. Plaintiff also generally alleges that he "faces a present barrier to obtaining licensure" in California and other states due to his disciplinary history maintained by California. Id., ¶¶ 57-58.

Plaintiff asserts two claims based on alleged Fourteenth Amendment procedural due process violations, both challenging the 2023 BRN's reliance on collateral estoppel to rely on findings from the 2019 SPB proceeding at which Plaintiff was unrepresented due to his counsel "abandon[ing] him." Complaint, ¶¶ 65-76. He seeks declarations that "Defendants may not constitutionally treat

the 2023 RN revocation and SPB-derived findings as conclusive categorical barriers" to Plaintiff's nursing licensure pathways; "the [2023] BRN proceeding violated procedural due process by applying collateral estoppel" to the 2019 SPB findings; and, the use of the 2019 "SPB-derived findings as conclusive predicates" creating "professional barriers violates procedural due process." Id., ¶¶ 77-79. Plaintiff also seeks injunctions barring Defendants from relying on the 2023 BRN findings to categorically bar Plaintiff from nursing application pathways "unless and until constitutionally adequate process exists" as to the findings made at the 2023 BRN proceeding. Id., ¶¶ 81-82.

## II.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. See Gunn v. Minton, 568 U.S. 251, 256 (2013). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Rsrv., 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting federal jurisdiction bears the burden of proving his case is "properly in federal court." See In re Ford Motor Co. / Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001).

Rule 12(h)(3) of the Federal Rules of Civil Procedure directs, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); see also Rule 12(h)(3). A complaint seeking relief against a defendant that is immune from suit under the Eleventh Amendment is properly subject to dismissal sua sponte under Rule 12(h)(3). See, e.g., Alexander v. Brown, 2025 WL 2678426, at *7 (C.D. Cal. Aug. 27, 2025) (dismissing sua sponte claim against the State

4

of California under Rule 12(h)(3) due to Eleventh Amendment immunity) adopted by 2025 WL 2675793 (C.D. Cal. Sept. 16, 2025).

Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). In addition, although leave to amend is normally liberally granted, if it is "absolutely clear that no amendment can cure the defect," even pro se pleadings may be dismissed without leave to amend. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.

### DISCUSSION

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). California has not consented to suit against it in federal court. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988). Further, Congress has not abrogated State sovereign immunity for civil rights actions. See Dittman, 191 F.3d at 1026; L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983).

Furthermore, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real

party in interest is the entity." Id. The Eleventh Amendment "bars action against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988); see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) (The Eleventh Amendment "prohibits actions for damages against an 'official's office,' that is, actions that are in reality suits against the state itself.").

Ex Parte Young, 209 U.S. 123 (1908) provides an exception to Eleventh Amendment immunity for prospective declaratory or injunctive relief against state officers in their official capacity for alleged violations of federal law. See Pennhurst State Sch. & Hosp., 465 U.S. at 102-06; Coal. to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1133-34 (9th Cir. 2012). But, attempts to have prior state court proceedings declared void, is retroactive in nature, and therefore, the Eleventh Amendment bars such relief. See Pennhurst State Sch. & Hosp., 465 U.S. at 105-06; see also Green v. Mansour, 474 U.S. 64, 73 (1985) (concluding claim for declaratory relief based on past violations of federal law barred by the Eleventh Amendment); see also Becker v. Oregon, 170 F. Supp. 2d 1061, 1067-68 (D. Or. 2001) (denying request for a declaration that state official's past actions violated plaintiff's constitutional rights because "[t]his type of relief is forbidden by the Eleventh Amendment"); McCullom v. Alameda Cty. District Attorney's Office, 2024 WL 4592356, at *3  (N.D. Cal. Oct. 28, 2024) (dismissing § 1983 action, finding the Ex Parte Young exception to Eleventh Amendment immunity did not apply to request for prospective injunctive relief as the plaintiff did not allege he was facing any current state proceedings); cf. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (holding "equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again . . . .

The speculative nature of [plaintiff's] claim of future injury requires a finding that this prerequisite has not been fulfilled."); Hodgers–Durgin v. de la Vina, 199 F.3d 1037, 1042 (9th Cir. 1999) (en banc) ("[A]bsent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way.").

Here, Defendants are state officials sued in their official capacity. Thus, absent application of the exception to immunity provided by Ex Parte Young, the action is subject to dismissal.

Despite Plaintiff's conclusory assertions that he seeks only "prospective" relief, in fact, Plaintiff states the case arises from "two independent but related constitutional violations," the 2023 BRN proceedings that relied on the 2019 SPB proceedings, and what Plaintiff avers is the current use of the 2023 BRN proceedings to bar Plaintiff from nursing licensure. See Complaint, ¶ 3. With respect to the first alleged "violation," it is facially only retroactive and, as such, does not fall within the exception to immunity provided by Ex Parte Young. As to the other purported "constitutional" violation, that is, current reliance on the 2023 BRN (and 2019 SBN) proceedings to bar Plaintiff from future nursing relicensing, Plaintiff is, in essence, seeking to repackage years-old alleged constitutional violations into "prospective" relief by vaguely alleging ongoing harms. Less than a month ago, the Court rejected a nearly identical attempt by Plaintiff to convert past alleged violations into a request for "prospective" relief, noting the nature of the claims was almost entirely retrospective. See Melby I, Dkt. 11 at 5; Dkt. 12. The allegations in the instant Complaint fare no better. The "Factual Allegations" of the Complaint, excluding legal arguments, are contained at Paragraphs 18-59. Of those 42 paragraphs, 35 (¶¶ 18-53) relate to the 2019 SBN and 2023 BRN proceedings; only 6 (¶¶ 54-59), or 14%, recount events after those proceedings, and those are largely limited to a telephone call in June 2025 with an unnamed person and

otherwise vague and conclusory assertions about Defendants' "present . . . position." Further, like the allegations in Melby I, Plaintiff claims of current "harm" are speculative. As to BVNPT, the only "harm" he alleges is that in 2025, an unspecified person told him that "he could not proceed" with his application because of the severity of the 2023 BRN findings. But Plaintiff does not allege he tried to take the licensing exam and was precluded. Nor does Plaintiff allege any other specific attempts he has made to lift the revocation of his RN through the BRN. His request for prospective relief is entirely speculative and does not raise a justiciable case or controversy. See United States v. Yepez, 108 F.4th 1093, 1099 (9th Cir.) ("Article III of the Constitution limits the jurisdiction of federal courts to 'actual, ongoing cases or controversies.'") (citation omitted), cert denied, 145 S. Ct. 459 (2024). As Plaintiff challenges only past alleged violations and does not seek viable prospective relief as to any actual case or controversy, Ex Parte Young does not apply. See, e.g., Green, 474 U.S. at 74; Becker, 170 F. Supp. 2d 1061 at 1067-68; McCullom, 2024 WL 4592356, at *3; cf. Lyons, 461 U.S. at 111 (1983); Hodgers–Durgin, 199 F.3d at 1042; ("[A]bsent a threat of immediate and irreparable harm, the federal courts should not enjoin a state to conduct its business in a particular way.").

As noted, a pro se litigant is typically given leave to amend unless it is absolutely clear that pleading deficiencies cannot be cured by amendment. Lucas, 66 F.3d at 248. But if, after careful consideration, it is absolutely clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave

8

to amend when amendment would be futile."). The Court notes here as part of its consideration of leave to amend that Plaintiff, including this case, has now filed five actions in this Court within a span of roughly six weeks (the Prior Federal Actions, this action, and Kuigoua v. Ambrose, et al., 2:26-cv-06114-PA-JDE)), including Melby I, which was substantively very similar to this action, and each of those actions have now been dismissed for various pleading defects. The Court also notes here and considers the findings in the Prior State Appellate Cases, set forth above, that Plaintiff repeatedly made frivolous arguments, cited nonexistent cases, and made deceptive citations.

After careful consideration, it is absolutely clear that the basic flaw cannot be cured by amendment. Further leave to amend is not warranted.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court lacks subject matter jurisdiction over the claims asserted in the Complaint. As such, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Therefore, IT IS HEREBY ORDERED THAT this action is DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated: June 8, 2026

_____
PERCY ANDERSON
United States District Judge